Mildred P. MELLOTT

v.

GENERAL TEAMSTERS AND ALLIED
WORKERS LOCAL UNION # 992.

Maryann M. HURD

v.

GENERAL TEAMSTERS AND ALLIED
WORKERS LOCAL UNION # 992.

Civ. Nos. Y–81–1452, Y–81–1453.

United States District Court,
D. Maryland.

March 23, 1982.

Arthur Schneider, Hagerstown, Md., for plaintiffs.

Barry S. Frame, Baltimore, Md., and Luther C. West, Baltimore, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

These consolidated suits are suits brought by employees of defendant General Teamsters and Allied Workers Local # 992 (Local 992) against the union both as employer and as plaintiffs' union pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). The complaints charge wrongful discharge under a collective bargaining agreement, and wrongful termination of union membership. Both complaints were filed in state court, and the defendant removed the actions pursuant to 28 U.S.C. § 1441(a) and (b). The facts are not disputed, and there are cross-motions for summary judgment before the Court.

## FACTS

Both plaintiffs were long-time employees of the union, Local 992. They were also

members of the union and had received health and welfare benefits and were part of the pension program. Defendant is signatory to the National Master Freight Agreement and Maryland District of Columbia Supplemental Agreement including Western Maryland Rider, which includes, in Article 45, a Discharge and Suspension Clause providing that the employer shall not discharge or suspend an employee without just cause.

After both plaintiffs had been employed for some time by the union, they decided that they needed some job security. They negotiated through the Business Agent for Local 992 an Office Addendum to the Western Maryland Rider, which covered the office employees of Local 992 and was effective from April 1, 1980 to March 21, 1982. The agreement was executed by Harrison Lushbaugh, then Secretary/Treasurer of the union, and George Knight, Business Agent for the union.

During 1980, both plaintiffs openly supported Mr. Lushbaugh for re-election to the post of Secretary/Treasurer. They engaged in political activity by stuffing campaign letters and speaking to prospective voters. Lushbaugh was defeated in the election by Raymond Trumpower, who notified Lushbaugh after his election in December, 1980, that when Trumpower took office, he would terminate plaintiffs' employment. Trumpower did, indeed, discharge plaintiffs on January 1, 1981, and stated that the cause for the dismissal was their participation in the Lushbaugh campaign.

Plaintiffs filed grievances with the local and international unions. Trumpower took the position, however, that the office employees' union was illegally constituted, and that no recognition could be afforded them either as union members or as employees under a collective bargaining contract. Instead of processing the plaintiffs' grievances, the local union wrote to them asserting that they were not union members. All dues were refunded and eventually Ms. Mellott also received reimbursement of her pension benefits because her contribution had not vested. Pursuant to the Teamster

Constitution, plaintiffs filed appeals to the International and to Joint Council 62 alleging that their expulsion from Local 992 was illegal. Joint Council 62 scheduled a hearing on the matter, but later postponed the hearing. Apparently, the appeals are still open, but there is no indication in any of the supporting documents as to why the original hearing was postponed, nor when, if ever, another hearing will be scheduled.

Plaintiffs also filed charges with the National Labor Relations Board (NLRB) charging Trumpower with refusing them access to their jobs and refusing to process their grievances in violation of their labor agreement. Plaintiffs later withdrew their charges with the NLRB. After plaintiffs were advised by Joint Council No. 62 that their scheduled hearing had been postponed, they promptly filed the actions which are now pending in this Court.

Defendants moved for summary judgment on several grounds. Defendants claim that plaintiffs were not entitled to the protection of the Discharge Clause in the contract because Local 992 was not legally capable of representing the office employees in collective bargaining against itself. Defendants also claim that failure to exhaust intra-union remedies bars a suit under 29 U.S.C. § 185(a), *citing Clayton v. UAW [ITT Gilfillau]*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Defendants further claim that the discharge was based on a ground that is arguably an unfair labor practice under 29 U.S.C. § 158(a)(3), and hence within the exclusive jurisdiction of the NLRB.

Plaintiffs argue that this Court has concurrent jurisdiction with the NLRB by virtue of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), *citing Smith v. Evening News Association*, 371 U.S. 195, 197, 83 S.Ct. 267, 268, 9 L.Ed.2d 246 (1962), and asks this Court to rule on the substantive issues.

DISCUSSION

■ Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), provides for suits for violation of contracts between an employer and a labor organiza-

tion. Defendant, in its Motion for Summary Judgment, raises the issue of the validity of the contract between the employer and its employees, the plaintiffs, because of the alleged illegality of the bargaining agent. This is a question concerning the right of representation, an issue which the NLRB has exclusive authority to determine. *West Point-Pepperell v. Textile Workers Union of America,* 559 F.2d 304 (5th Cir. 1977); *Gordon v. Laborers' International Union of North America,* 490 F.2d 133 (10th Cir. 1973), *cert. denied,* 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974). The illegality of the expulsion from the union also turns on the question of representation.

 In addition even though this Court might have concurrent jurisdiction of the case with the NLRB under *Smith v. Evening News, supra,* 371 U.S. 195, 83 S.Ct. 267, under the preemption doctrine, the federal courts must defer to the NLRB's competence for claims in which an unfair labor practice is arguably alleged. *Amalgamated Ass'n of Street, Elec. Ry. and Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *San Diego Buildings Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *King v. Gemini Food Services, Inc.,* 438 F.Supp. 964 (E.D.Va.1976), *aff'd,* 562 F.2d 297 (4th Cir. 1977). Section 158(a)(3) of Title 29 of the United States Code makes it an unfair labor practice for an employer to discriminate in hiring or tenure of employment for the purpose of encouraging or discouraging membership in any labor organization. Hence, an employer who discharges an employee for purported union activity such as in the instant case would arguably run afoul of this section. A determination of whether the alleged conduct complies with Section 8 of the National Labor Relations Act, 29 U.S.C. § 158, is within the exclusive competence of the NLRB, and this Court is not at liberty to adjudicate this issue. *King v. Gemini Food Services, Inc., supra,* 438 F.Supp. at 967.

This Court must defer to the competence of the NLRB for determination of the issues relating to representation and unfair labor practices.

Accordingly, it is this 23rd day of March, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant's motions for summary judgment BE, and the same ARE, hereby GRANTED;

2. That plaintiffs' motions for summary judgment BE, and the same ARE, hereby DENIED; and

3. That the complaints BE, and the same ARE, hereby DISMISSED.